DREW, A MINOR, PLAINTIFF-APPELLANT, *v.* RICHARDS ET, DEFENDANTS-APPELLEES.

Ohio Appeals, First District, Hamilton County.

No. 8825.   Decided October 31, 1960.

*Messrs. Rendigs, Fry & Kiely,* for plaintiff-appellant.

*Mr. Mark McElroy,* attorney general, *Messrs. Paxton & Seasongood, Messrs. Dinsmore, Shohl, Dinsmore & Todd* and *Messrs. Lanier, Guy, Walker & Lanier,* for defendants-appellees.

MATTHEWS, P. J., LONG and O'CONNELL, JJ., concur.

JUDGMENT AND DECREE

This cause came on for hearing upon the appeal from the Common Pleas Court of Hamilton County upon questions of fact and law and was heard *de novo* by this Court on the transcript of the docket and journal entries in the Court of Common Pleas, on the stipulation filed herein on June 1, 1960, on the record (including exhibits) in said court and the depositions of Evelyn V. Fredricks and Ruth Fredricks, and on the arguments and briefs of counsel for appellant and appellees, and was considered by this Court, which, pursuant to motion filed herein by appellant has entered its Findings of Fact and Conclusions of Law in this case.

The Court, being fully advised in the premises, adopts said Findings of Fact and Conclusions of Law as part of this decree.

IT IS, THEREFORE, ORDERED, ADJUDGED, DE-CREED AND DECLARED that the Declaration of Trust executed by Elizabeth S. Drew on December 15, 1955, created a good, valid and subsisting trust during the life of said Elizabeth S. Drew and that the "Elizabeth S. Drew Foundation" as established thereunder, upon the death of Elizabeth S. Drew was and is a good, valid and subsisting public charitable trust, and that the appellees recover of the appellant their costs herein expended, as well as those of the Common Pleas Court.

And the Court being of the opinion that there were reasonable grounds for this appeal, allow no penalty.

IT IS FURTHER ORDERED that a special mandate be sent to the Common Pleas Court of Hamilton County, Ohio, for execution of this judgment and decree.

To all of which appellant, by his counsel, excepts.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause came on to be heard *de novo* in this Court on appeal of questions of law and fact, on the transcript of the docket and journal entries in the Court of Common Pleas of Hamilton County, Ohio, on the stipulation filed herein on June 1, 1960, and on the record (including exhibits) in said Court and the depositions of Evelyn V. Fredricks and Ruth Fredricks, on the arguments and briefs of counsel for Appellant and Appellees, and was considered by this Court, which rendered its opinion on October 31, 1960.

Whereupon the Appellant filed a Request for Findings of Fact and Conclusions of Law, pursuant whereto the Court finds the facts and law as follows:

The extensive findings of fact by the Court of Appeals are omitted. A summary of these findings so far as they relate to the Mortmain Statutes follows:

The findings of facts made by the Court of Appeals shows that on December 15, 1955, Elizabeth S. Drew signed a trust agreement creating a charitable trust and that she died on August 30, 1956. The findings further show that the corpus of the trust was identified, that she had informed various per-

sons of the creation of the trust and of her reasons for the creation thereof.

## CONCLUSIONS OF LAW

1. A declaration of trust wherein the trustor, the primary trustee and one of the beneficiaries are the same, is not void because of those facts alone.

2. That in the absence of fraud, undue influence, duress or mental incapacity, the intention of the trustor prevails.

3. That Elizabeth S. Drew executed a good *inter vivos* trust agreement with the intention that the property involved should pass as indicated.

4. That the declaration of trust in question, under the evidence presented, is a good, valid and subsisting trust.

5. That the Mortmain Statute (Section 2107.06, Revised Code), has no application to this trust.